IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| VIVIAN FARRIS; *Trustee for Wirt Adams Yerger, Jr. Legacy Trust; Individually and on behalf of all those similarly situated,* | : : : | Case No. 1:17-cv-417 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. FINANCIAL LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

ORDER CONDITIONALLY GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL (Doc. 46)

This case is before the Court on Plaintiff's motion for leave to file under seal. (Doc. 46.) Plaintiff's motion for class certification is due today, July 15, 2020. Plaintiff filed its motion for leave to file under seal today, seeking to file under seal certain items relating to its class certification motion on the grounds that they contain confidential information or trade secrets.

I.

Under the joint operation of the Stipulated Protective Order (*see* Doc. 32) and S.D. Ohio Civ. R. 5.2.1, the parties must seek leave of this Court to file any confidential information under seal. Plaintiff states that Defendant has designated several depositions and their exhibits, reports, and the memorandum in support of class certification as confidential. (Doc. 46.)

1

The parties conferred to determine whether Plaintiff needed to seek leave of Court to file these documents under seal. Defendant maintained that these documents contain or reference confidential trade secrets and other confidential information regarding pricing and actuarial evaluations of insurance policies.

## II.

The Sixth Circuit recognizes the strong presumption in favor of openness as to court records. *E.g., Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (6th Cir. 2016). Two broad categorical exceptions to that presumption apply: (1) exceptions based on the need to promote the order and dignity of the courtroom; and (2) "content-based exceptions . . . to protect competing interests . . . [such as] privacy rights of participants or third parties, trade secrets and national security." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983).

The party seeking to seal any part of the court record has the heavy burden of overcoming the presumption of public access by showing that (1) a compelling interest warrants sealing the records; (2) the interest in sealing outweighs the public's interest in accessing the records; and (3) the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent of sealing must analyze in detail the need for secrecy and provide a reason each document should be filed under seal. *Shane Group*, 825 F.3d at 305-06.

The Court has a burden, too; it must lay out its findings and conclusions that justify sealing court records from public disclosure. Specifically, the court ordering records to be sealed must say "why the interests in support of nondisclosure are compelling, why

2

the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* at 306. Therefore, even for an unopposed motion, this Court has an independent duty to ensure that the court records in question are appropriate for sealing. *Id.* ("a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it").

### III.

According to Plaintiff, Defendant states that the documents proposed for sealing contain confidential trade secrets. Plaintiff states, "These documents are not publicly shared, are sensitive, and are protected in other litigation such that leave should be sought." (Doc. 46, citing *State ex rel. Dayton Newspapers v. Dayton Bd. of Edn.*, 747 N.E.2d 255, 259 (Ohio Ct. App. 2000).) Plaintiff argues that such information provides the foundation for how a life insurance company values its products and derives economic value.

Trade secrets are one of the few categories that may overcome the presumption of access. *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. As such, the Court is favorably inclined toward the motion, even though its "asserted bases for sealing this information off were . . . perfunctory." *Shane Grp.*, 825 F.3d 306. The difference between the perfunctory bases in *Shane Group* and the perfunctory bases here is that at least the parties here point to a category that is often entitled to sealing—trade secrets. *See id.* And, the parties specify the injury to be prevented—Defendant's ability to continue deriving economic value from its products. *Id.* To that extent, therefore, the Court finds that the parties point to a compelling interest that outweighs the public's interest in full access to

3

the records.

The broad scope of the documents the parties wish to seal, however, does not strike this Court as narrowly tailored. The parties wish to seal five depositions with exhibits, two reports with exhibits, something that seems to be a life insurance form (Exhibit J), and the Plaintiff's Memorandum in Support of Class Certification. (Doc. 46.)

To the parties' credit, they do not seek to seal every exhibit to the Memorandum for Class Certification; they seem to limit the seal only to those documents that contain confidential trade secrets. This shows a slight attempt to narrowly tailor the seal. But it does not "analyze in detail" those documents. *Id.* at 305-06. Furthermore, the documents it does seek to seal, it seeks to seal them in their entirety.

The Court has questions with respect to the Memorandum in Support of Class Certification. The Sixth Circuit has said that such a memorandum is "arguably the most important filing in any putative class action." *Shane Grp.*, 825 F.3d 306. The Court also has questions as to whether everything in the depositions needs to be sealed. The proponent of sealing must show why the seal is "no broader than necessary." *Id.* at 306. Redactions are just one means of ensuring that a seal is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, No. 1:15-CV-506, 2018 WL 770418, at *3 (S.D. Ohio Feb. 7, 2018), *aff'd*, 767 F. App'x 635 (6th Cir. 2019). Sealing off an entire deposition and all of its exhibits *may* be justified, but the parties must demonstrate that such a seal is necessary. If sealing an entire deposition turns out to be broader than necessary, the parties may redact the sensitive portions.

Nevertheless, the Court understands that the Memorandum in Support of Class

4

Certification is due today. Accordingly, the Court will allow Plaintiff to file the proposed documents under seal on the condition that the seal will expire 14 days from today unless one or both parties successfully moves to seal the filings under the proper standard set forth in *Shane Group* and its progeny and this Court's Standing Order § III.C.; or (2) one or both parties successfully moves to extend the conditional period.

For the foregoing reasons, the Court **CONDITIONALLY GRANTS** Plaintiff's Motion for Leave to File Under Seal (Doc. 46). Accordingly, Plaintiff may file the documents identified in that motion under seal on the condition that the seal will expire 14 days from now unless the parties comply with above conditions.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF OHIO<br>
By: _____<br>
JUDGE MATTHEW W. McFARLAND