IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| VIVIAN FARRIS; *Trustee for Wirt Adams Yerger, Jr. Legacy Trust; Individually and on behalf of all those similarly situated,* | : : : | Case No. 1:17-cv-417 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : : | |
| U.S. FINANCIAL LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION AND ADDENDUM TO UNFILE AND MOTION FOR LEAVE TO RE-FILE UNDER SEAL (Docs. 51, 52)

This case is before the Court on a motion filed by Defendant U.S. Financial Life Insurance Company ("USFL"). (Doc. 51.) USFL's motion seeks to accomplish a couple of things. First, it asks the Court to unfile Plaintiff Vivian Farris's documents offered in support of her Motion for Class Certification (Doc. 48). Second, it requests leave to re-file those documents with condensed and redacted versions. In the alternative, in the event the Court determines that complete depositions—as opposed to condensed ones—are necessary, USFL moves for an extension of the conditional sealing period to allow time for it to move to seal narrowly tailored portions of the full depositions. Farris has not responded and the time for doing so has passed.

The Court does not unfile documents, but it will construe USFL's request to unfile

1

as a request to strike. The Court will strike ECF Document 48 and the attached exhibits that are being replaced. In their place, the Court will consider Farris's unredacted memorandum in support of class certification (Doc. 49, 51-1) and the condensed, redacting filings USFL attaches to its motion (Doc. 51).

I.

As background, Farris previously moved to seal portions of her memorandum in support of class certification and certain exhibits that contained confidential trade secrets. In an Order conditionally granting that motion, this Court laid out the proper analysis for sealing court records under *Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (6th Cir. 2016). (*See* Doc. 47.) Under *Shane Group*, the proponent of sealing and the district court must show that (1) a compelling interest warrants sealing the records, (2) the interest in sealing outweighs the public's interest in access to the records, and (3) the request is narrowly tailored. *Id.* Since the proposed seal pertained to confidential trade secrets, the Court found that a compelling interest outweighed the public's interest in full access to the records. (Doc. 47 at 3-4.) The only question was whether the seal was narrowly tailored. But Farris's memorandum was due the same day she asked for the seal, so the Court conditionally granted the motion, on the condition that one or both of the parties timely move to seal the filings under the proper standard. (Doc. 47 at 5.)

Farris filed a redacted memorandum in support of class certification (Doc. 48) and several attachments, most of which were captioned "Notice of Filing Document Under Seal." At the same time, Farris also filed, under seal, an unredacted memorandum in support of class certification and the unredacted versions of the deposition transcripts

2

and expert reports. (Doc. 49.)

II.

With this background in mind, the Court will just review the narrow tailoring prong of the *Shane Group* analysis here. First, we need to identify what Farris filed under conditional seal:

- Memorandum in Support of Motion for Class Certification (Doc. 49);
- Ex. A, 30(b)(6) Deposition of USFL by Harold Luber, with Exhibits (Doc. 49-1);
- Ex. B, Report of Sam Hewitt, CPA (Doc. 49-2);
- Ex. C, 30(b)(6) Deposition of USFL by Brian Lessing, with Exhibits (Doc. 49-3);
- Ex. D, Larry Stern Declaration, with Exhibits (Doc. 49-4);
- Ex. E, 30(b)(6) Deposition of USFL by Wen Lan Lai, with Exhibits (Doc. 49-5);
- Ex. H, Confidential Deposition of Jason Freudenberger (selected portions), with Exhibits (Doc. 49-6);
- Ex. I, Deposition of Dominique Baede (selected portions) (Doc. 49-7);
- Ex. J, USFL 001348 (Doc. 49-8).

USFL does not ask the Court to unfile or strike any of these documents that have been filed under seal. Rather, it asks the Court to unfile the redacted memorandum in support of class certification and its attached exhibits—all of which were not filed under seal (*see* Doc. 48). USFL does, however, have views on whether and how each of these documents should either be sealed or enter the public record with redactions. The Court will address them by category.

3

1. **Farris's memorandum in support of class certification**

Farris filed a redacted memorandum in support of class certification. (Doc. 48.) She also filed an unredacted version under seal. (Doc. 49.) USFL now acknowledges that no redactions are necessary to protect its trade secrets, and requests that the Court grant leave to replace the redacted memorandum with an unredacted version. (Ex. I, Doc. 51-1.) Farris has not objected. The Court grants USFL's request and will consider the unredacted memorandum in support of class certification. (*See* Doc. 49; Doc. 51-1.) The Court strikes the redacted version (Doc. 48).

2. **30(b)(6) depositions of USFL by Harold Luber, Brian Lessing, Wen Lan Lai, and selected exhibits**

This Court's local rules do not require entire depositions to be filed in every circumstance. Rather, memoranda evidence "shall be presented . . . using . . . deposition excerpts . . . ." S.D. Ohio Civ. R. 7.2(e). "Evidence submitted . . . shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." *Id.* But when the parties must reference "a substantial number of pages of deposition transcripts . . . for the full and fair presentation of a matter," they are required to refer to "the specific pages at which key testimony is found and ensure that a copy of the entire transcript or exhibits is timely filed with the clerk." *Id.*

*30(b)(6) Deposition of USFL by Harold Luber.* Farris filed the full 277-page transcript of the deposition under seal. (Ex. A, Doc. 49-1.) USFL argues that Farris only cites 19 pages of that deposition — not a substantial number, in its view, under S.D. Ohio Civ. Rule

4

7.2(e). USFL requests leave to replace the full deposition with a condensed version that only contains the pages Farris cites, with redactions applied to certain portions of specific exhibits that contain USFL trade secrets and proprietary or confidential information. (Ex. 1-A, Doc. 51-2.) Farris did not respond with a contrary view.

Based on the Local Rules, USFL's point is well-taken. The entire deposition is not necessary unless a "substantial number of pages" from the transcript is necessary for a full presentation of the matter. Farris has not responded or otherwise indicated that the entire deposition is necessary. So the Court will grant leave for USFL to file a condensed version of the deposition containing only the pages Farris cites. The Court will treat the version USFL filed at ECF Document 51-2 as the filing of public record.

USFL also requests to file redacted versions of Exhibits 3, 12, 16, 17, 23, 24, 30, and 31. The Court has reviewed those redacted exhibits and finds that the proposed seals are narrowly tailored. USFL's request for leave to file those redacted exhibits is granted.

There is one more issue to address regarding Harold Luber. USFL filed an addendum requesting leave to file Exhibit 29 to Luber's deposition under seal with a redacted version available on the public docket. (Doc. 52.) It attached the redacted version of Exhibit 29 to its motion and also to its memorandum in opposition to class certification (Doc. 53-3, Page ID 1855-1857.) It submitted the unredacted version to the Court for an in camera review in compliance with S.D. Ohio Civ. R. 5.2.1(b). The Court has reviewed the material and finds that the subject matter pertains to a compelling interest, that that interest outweighs the public's interest in access to the record, and that the redaction is narrowly tailored. So the Court grants USFL leave to file Exhibit 29 of

Luber's deposition under seal and directs USFL to do so within 30 days of this Order.

*30(b)(6) Deposition of USFL by Brian Lessing.* Farris filed the full 224-page deposition transcript under seal. (Ex. C, Doc. 49-3.) USFL states that Farris only cited 12 pages and asks the Court to replace the full sealed version with a condensed version that just contains the pages cited. (Ex. 1-C, Doc. 51-4.) For the same reasons as above, the Court grants that request. The Court will treat the version filed at ECF Document 51-4 as the filing of public record.

USFL also requests leave to file a redacted version of Exhibit 62 of that deposition. Upon review, that redaction is narrowly tailored, so the Court grants that request too.

*30(b)(6) Deposition of USFL by Wen Lan Lai.* Farris filed the full 273-page deposition transcript under seal. (Exhibit E, Doc. 49-5.) USFL states that Farris only cited 16 pages and requests leave to replace the full version with a condensed version that contains the pages Farris cites. (Ex. 1-E, Doc. 51-6.) For the same reasons as above, the Court grants that request. The Court will treat the version USFL filed at ECF Document 51-6 as the filing of public record.

USFL also moves for leave to file redacted versions of Exhibits 38, 44, and 46. Upon review, those redactions are narrowly tailored, so the Court grants that request.

### 3. Deposition of Jason Freudenberger and selected exhibits

Farris moved to seal portions of the Freudenberger deposition. (Doc. 48-9.) She filed a condensed version of the transcript under seal. (Ex. H, Doc. 49-6.) USFL states that only a few portions of the exhibits refer to any trade secrets. So it requests leave to file a condensed version that contains limited redactions to Exhibits 90 and 91. (Ex. 1-H,

6

Doc. 51-7.) There are no redactions to the condensed transcript—only to the two exhibits. Those redactions are narrowly tailored. The Court grants USFL's request for leave. The Court will treat the version filed at ECF Document 51-7 as the filing of public record.

### 4. Deposition of Dominique Baede

Farris moved to seal portions of the Baede deposition. (*See* Doc. 48-10.) She filed a condensed version of the transcript under seal. (Ex. I, Doc. 49-7.) USFL now states that no redactions are necessary and asks the Court to permit it to publicly file a condensed, unredacted version. (Ex. 1-I, Doc. 51-8.) The Court grants that request. The Court will treat the version filed at ECF Document 51-8 as the filing of public record.

### 5. Expert reports of Samuel Hewitt and Larry Stern and exhibits

*Samuel Hewitt*. Farris filed the full and unredacted expert report of Samuel Hewitt under seal. (Ex. B, Doc. 49-2.) USFL requests leave to file a version that contains redactions that quote or discuss trade secrets and proprietary or confidential information. (Ex. 1-B, Doc. 51-3.) Upon review, the redactions are narrowly tailored. The Court grants USFL's request for leave and will treat the redacted version of the report at Doc. 51-3 as the report of public record.

*Larry Stern*. Farris filed the full and unredacted expert report of Larry Stern under seal. (Ex. D, Doc. 49-4.) USFL requests leave to file a version that contains redactions that quote or discuss trade secrets and proprietary or confidential information. (Ex. 1-D, Doc. 51-5.) Upon review, the redactions are narrowly tailored. The Court grants USFL's request and will treat the redacted version of the report at Doc. 51-5 as the report of public record.

6. **USFL 001348**

Farris filed a document with Batestamp USLF 001348 ("Exhibit J") under seal. (Ex. J, Doc. 49-8.) USFL now states that no redactions to Exhibit J are necessary to protect its trade secrets. It asks for leave to file the unredacted version. (Doc. 1-J, Doc. 51-9.) The Court grants that request and will treat the filing at ECF Doc. 51-9 as the filing of public record.

III.

For the above reasons, the Court **GRANTS IN PART AND DENIES IN PART** USFL's motion. The Court orders as follows:

(1) The Court **DENIES** Defendant USFL's motion to the extent it requests for the Court to unfile documents from the record.

(2) The Court **STRIKES** the redacted memorandum in support of class certification at ECF Doc. 48 and Exhibits A, B, C, D, E, H, I, J. Exhibits F, G, and K remain on the record.

(3) The Court **GRANTS** Defendant USFL leave to file the unredacted memorandum in support of class certification at ECF Doc. 51-1 and the filings available at ECF Docs. 51-1 through 51-9. The Court will treat those filings as the filings of public record.

(4) The Court **GRANTS** Defendant USFL leave to file Exhibit 29 of Harold Luber's deposition under seal and **DIRECTS** USFL to do so within 30 days of this Order.

**IT IS SO ORDERED.**

By: *Matthew W. McFarland* (signature)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND