IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **VIVIAN FARRIS; trustee for WIRT ADAMS YERGER, JR. LEGACY TRUST;** *Individually and on behalf of all those similarly situated* | |
| | Civil Action No. 1:17-cv-417 |
| Plaintiff, | Hon. Matthew W. McFarland |
| v. | |
| **U.S. FINANCIAL LIFE INSURANCE COMPANY,** | |
| Defendant. | |

## ORDER GRANTING PRELIMINARY APPROVAL

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Nationwide Class Action and Preliminary Certification of Settlement Class ("the Motion") [Dkt. 63], the terms of which are set forth in the Settlement Agreement [Dkt. 63-2] (the "Proposed Settlement"). Unless defined herein or otherwise stated, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

The Court held a hearing on the Plaintiffs Unopposed Motion on April 28, 2021. If approved at the Fairness Hearing, the Proposed Settlement will, on the Final Settlement Date, provide settlement benefits to members of a nationwide Settlement Class and resolve all claims alleged and all claims that could have been alleged in this Lawsuit.

On June 19, 2017, Plaintiff filed a putative class action on behalf of universal life insurance policyholders alleging that USFL unjustifiably increased the cost of insurance ("COI") rates on

1

Nova and Supernova universal life products beginning in after August 31, 2015. The 2015 COI Rate Increase affected approximately 11,891 Nova and Supernova policies.

Plaintiff and USFL advise that they have reached the Proposed Settlement only after nearly four years of vigorous prosecution and defense of the alleged claims, including full fact and expert discovery for over a year-and-a-half, followed by many months of extensive arm's-length negotiations between Lead Class Counsel and USFL's Counsel under the auspices of highly regarded mediator Marc E. Isserles with JAMS. Prior to settlement, the Parties engaged in two mediation sessions as well as prepared multiple detailed mediation statements addressing the facts, posture, liability, and damages of the case.

The proposed Settlement confers $26,143,000 to $29,071,600 in total value to Settlement Class Members, not including the $25,000 USFL has agreed to pay in settlement administration. This total value is comprised of an $11,500,000 million Common Settlement Fund and the valuation by Plaintiff's experts of the other relief between $14,643,000 and $17,571,60. Dkt. 63-2 at ¶ 56. This other relief includes the COI Rate Increase Protection Benefit, the Non-Contestability Benefit, and the Illustrations Benefit.

The Court has considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the factors traditionally used by this Court and the Sixth Circuit to determine whether a proposed settlement is fair, reasonable, and adequate. *See, e.g.*, *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013); *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147, 2020 WL 5366380, at *2 (S.D. Ohio Sept. 8, 2020). Further, the Court carefully reviewed the Settlement Agreement and considered the briefing submitted in support of the unopposed Motion and the proffers of counsel thereon. The Court finds that the Proposed Settlement should be and

hereby is preliminarily approved as fair, reasonable, and adequate to the Plaintiff and the Settlement Class.

Based upon the foregoing considerations, the Court therefore hereby **GRANTS** the Motion and **ORDERS** as follows:

1. For purposes of this settlement, and conditioned upon the Settlement Agreement receiving final approval following the Fairness Hearing, the Court certifies the following opt-out plaintiff Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3):

> All persons who purchased, contributed to, participated in the purchase of, or own the Nova and Supernova policies at issue and who received coverage from those named insurance policies issued by USFL that experienced a cost of insurance rate increase beginning on their policy anniversary after August 31, 2015.

Excluded from the Settlement Class are: (a) the Honorable Matthew W. McFarland, United States District Court Judge of the Sothern District of Ohio and court personnel employed in Judge McFarland's chambers or courtroom; (b) USFL and its parents, affiliates, subsidiaries, successors, predecessors, and any entity in which USFL has a controlling interest and their current or former officers and directors (except to the extent USFL or such other entity is the owner of a Policy held for the benefit of an individual who is not otherwise excluded from membership in the Settlement Class); (c) any officer or director of USFL reported in its Annual Statements during the Class Period, or entity in which USFL had a controlling interest at any relevant time, any member of those persons' immediate families and legal affiliates, heirs, controlling persons, agents, successors and predecessors in interest or assigns of any such excluded person or entity; (d) Policyholders who properly execute and timely file a Request for Exclusion from the Settlement Class; and (e) the legal representatives, successors, or assigns of any such excluded Policyholders (but only then in their capacity as legal representative, successor, or assignee).

2. With respect to the requirements for certification of the Settlement Class set forth in Federal Rule of Civil Procedure 23, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Lawsuit would be impracticable, as the Settlement Class includes over eleven-thousand members; (b) there exist questions of law and fact common to the Settlement Class, including whether USFL's uniform conduct in increasing the COI rates breached standardized policy language common to the Settlement Class Members, (c) the claims of the representative Plaintiff are typical of the claims of the Settlement Class, and the representative Plaintiff has no conflicts of interest with the other Settlement Class Members, as all of their claims arise from USFL same conduct in increasing the COI rates, (d) the representative Plaintiff and Plaintiff's Counsel are free of conflict with and can fairly and adequately represent and protect the interests of the Settlement Class Members, as shown by their qualifications, experience, investigation, and services performed to date; (e) common questions predominate over any individual questions with respect to Plaintiff's claims because the central question to be decided is whether USFL's uniform course of conduct in implementing the 2015 COI Rate Increase breached the standardized policy language contained in each Settlement Class Member's policy; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the Proposed Settlement, considering the interests of the Settlement Class Members in individually controlling the prosecution of separate actions and the amount in controversy each individual Settlement Class Member suffered as compared to the high costs of individual suits.

3. The Proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, is hereby preliminarily approved by this Court for settlement purposes only as being

fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Proposed Settlement resulted from non-collusive arm's-length negotiations conducted in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

4. As such, the Proposed Settlement is sufficient to warrant dissemination of notice thereof to the Settlement Class Members and to conduct a final fairness hearing thereon. The Proposed Settlement appears adequate in that it provides for significant cash payments in the form of checks from a $11,500,000 common fund and, importantly, includes valuable future protections to Settlement Class Members concerning any future COI increases by USFL, provides illustrations to Settlement Class Members without the typical costs, and limits USFL's claimed right to contest death claims based on any alleged lack of insurable interest. This substantial relief, when weighed against the costs and risks involved in continuing to litigate this case through trial and appeal, favors preliminary approval. Therefore, the Proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, falls within the range of possible final approval based on these factors and is hereby preliminarily approved by this Court for settlement purposes only as being fair, reasonable, adequate.

5. For settlement purposes only, the Court preliminarily finds Vivian Farris (as trustee for the Wirt Adams Yerger, Jr. Legacy Trust), who owns a Nova policy that was subjected to the 2015 COI Rate Increase, is able to fairly and adequately represent the Settlement Class and appoints her as the Class Representative for the Settlement Class.

6. For settlement purposes only, the Court preliminarily appoints W. Daniel "Dee" Miles, Rachel N. Minder, and Paul W. Evans of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Lead Class Counsel for the Settlement Class, finding that each of these attorneys is able to

fairly and adequately represent the Settlement Class. Lead Class Counsel are highly experienced lawyers with specialized knowledge specifically in insurance litigation and complex class action litigation generally. Further, Jeffrey S. Goldenberg and Todd B. Naylor of Goldenberg Schneider, L.P.A. are preliminarily appointed to serve as additional Class Counsel.

7. The Court finds that the Class Notice Package fully complies with the requirements of Rule 23 and due process, and the Court adopts the notice plan set forth in the Settlement Agreement and the form of notice attached as Exhibit A thereto. The Court finds the Class Notice Package provides a sufficiently clear and concise description of the Lawsuit, the terms of the Proposed Settlement, and the rights and responsibilities of the Settlement Class Members. The Court further finds the dissemination of the Class Notice through direct U.S. Mail and a website as set forth in the Settlement Agreement is the best means practicable under the circumstances and is reasonably calculated to apprise the Settlement Class Members of the Lawsuit and their right to participate in, object to, or exclude themselves from the Proposed Settlement.

8. The Court approves KCC, LLC as the Settlement Administrator tasked with disseminating the Class Notice, any required Class Action Fairness Act notices, establishing and maintaining a case website, handling Settlement Class Member inquiries, processing opt-outs, administering the Settlement, and other such tasks necessary to accomplish these objectives.

9. The Court will conduct a Fairness Hearing, at which it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on August 12, 2020 at 9:00 a.m. in Courtroom 4 of the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio.

10. Plaintiff's Counsel shall file their motion for an award of attorneys' fees, litigation expenses, and incentive awards no later than 14 days prior to the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid from the Common Settlement Fund.

11. Any Settlement Class Member who wishes to be excluded must submit to Lead Class Counsel a written Request for Exclusion by U.S. mail and postmarked no later than forty-five (45) days from the Notice Date. The Request for Exclusion must (a) state the identity of the Policyholder; (b) state one or more of the Policyholder's Class Policy numbers; (c) state that the Policyholder desires to be excluded from the Settlement Class; and (d) be signed by the Policyholder or by a person providing a valid power of attorney to act on behalf of such person or entity. If there are multiple Policyholders with respect to a single Class Policy (such as spouses), all owners must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Class Policy.

12. Any Settlement Class Member who has not filed a timely and proper written Request for Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Proposed Settlement must file with the Court a statement of objection, postmarked no later than 45 days after the Notice Date. Each such statement of objection must: (a) state the Settlement Class Member's full name, current address, telephone number, and applicable Class Policy number(s); (b) state that the Settlement Class Member objects to the Settlement, in whole or in part; (c) set forth a statement of the legal and factual basis for the objection; and (d) be accompanied by copies of any and all documents that the objecting Settlement Class Member has and will submit in support of his/her position. A Settlement Class Member who does not submit a timely and proper objection in accordance with this Settlement Agreement and the Class Notice, and as otherwise ordered by the Court, will not be treated as having filed a valid objection to the

Settlement. Settlement Class Members may so object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, the attorney must (a) file a notice of appearance with the Clerk of the Court no later than 14 days before the Fairness Hearing, and (b) send a copy of the same to Lead Class Counsel and USFL's counsel by U.S. mail postmarked no later than 14 days before the date of the Fairness Hearing.

13. Any Settlement Class Member who timely files a proper written objection may appear at the Fairness Hearing in support of the objection, provided the notice of the intention to appear is given as specified in this Paragraph. Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of intention to appear with the Court no later than 14 days before the date of the Fairness Hearing. A Settlement Class Member who appears at the Fairness Hearing will be permitted to argue only those matters that were set forth in a written objection filed by such Class Member in accordance with the preceding Paragraph. No Settlement Class Member will be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such a written objection are deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of this Settlement Agreement and the Class Notice, and as otherwise ordered by the Court, will be barred from appearing at the Fairness Hearing.

14. Any Settlement Class Member who fails to comply with the provisions of the preceding will waive and forfeit any and all rights he or she may have to appear separately and/or object and will be bound by all the terms of this Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

8

15. In the event the Court does not finally approve the Proposed Settlement or the Final Approval Order is not entered, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Plaintiff's right to seek certification of additional Plaintiff classes in the Lawsuit and USFL's right to oppose class certification, shall be preserved, and the Lawsuit shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination

16. The Parties are directed to carry out their continuing obligations under the Settlement Agreement.

17. All Settlement Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining, individually, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participating in, directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts and transactions alleged or pursued in the Lawsuit or released by the Settlement Agreement, and from organizing Settlement Class Members into a separate class for purposes of pursing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this Settlement Agreement. Nothing in this Paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

18. In no event shall this Order, the Settlement, or the Settlement Agreement, whether or not consummated, any of its provisions or any negotiations, statements, or court proceeding relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Lawsuit, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an adjudication, admission, or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to USFL or Plaintiff, or as a waiver by USFL or Plaintiff of any applicable claims or defenses.

19. For the benefit of the Settlement Class Members, this Court retains exclusive continuing jurisdiction over the administration, implementation, interpretation, and enforcement of the Settlement Agreement and this Order and Final Judgment.

20. Consistent with the preceding paragraphs of this Order and the Settlement Agreement, the Court sets as deadlines the following dates:

| **Event** | **Proposed Due Date** | **Date/Deadline** |
|---|---|---|
| Notice Date | Twenty-one (21) days after entry of this Order | May 26, 2021 |
| Deadline for Settlement Class Members to submit Requests for Exclusion or objections. | Forty-five (45) days after the Notice Date. | July 10, 2021 |
| Deadline for filing papers in support of final approval of Settlement; the request for attorneys' fees and expenses and class representative service award; and responses to any objections. | Fourteen (14) days prior to the Settlement Fairness Hearing. | July 29, 2021 |
| Deadline for Settlement Notice Administrator to file Final Declaration. | Fourteen (14) days prior to the Settlement Fairness Hearing. | July 29, 2021 |

| | | |
|---|---|---|
| Deadline for Notice of Objector of Intention to Appear at Settlement Fairness Hearing. | Fourteen (14) days prior to the Settlement Fairness Hearing | July 29, 2021 |
| Deadline for filing and serving any reply papers in further support of the Settlement and the request for attorneys' fees and expenses and/or in response to the objections. | Seven (7) days prior to the Settlement Fairness Hearing | August 5, 2021 |
| Fairness Hearing | | August 12, 2020 at 9:00 a.m |

**SO ORDERED** this the 4th day of May, 2021.

_____
**Hon. Matthew W. McFarland**
**United States District Court Judge**

11