IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **VIVIAN FARRIS; trustee for WIRT ADAMS YERGER, JR. LEGACY TRUST;** *Individually and on behalf of all those similarly situated* | Civil Action No. 1:17-cv-417 |
| **Plaintiff,** | Hon. Matthew W. McFarland |
| v. | |
| **U.S. FINANCIAL LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter came before the Court on Plaintiff's Unopposed Motion for Final Approval of Proposed Nationwide Class Action and Certification of Settlement Class ("the Final Approval Motion"), the terms of which are set forth in the Settlement Agreement [Dkt. 63-2] (the "Proposed Settlement"). The Proposed Settlement will on the Final Settlement Date provide settlement benefits to members of a nationwide Settlement Class and resolve all claims alleged in the Lawsuit.

On June 19, 2017, Plaintiff filed a putative class action on behalf of universal life insurance policyholders alleging that USFL unjustifiably increased the cost of insurance ("COI") rates on Nova and Supernova universal life products beginning on or after August 31, 2015. The 2015 COI Rate Increase affected approximately 11,891 Nova and Supernova policies.

Plaintiff and USFL advise that they have reached the Proposed Settlement only after nearly four years of vigorous prosecution and defense of the alleged claims, including full fact and expert discovery for over a year-and-a-half, followed by many months of extensive arm's-length

1

negotiations between Lead Class Counsel and USFL's Counsel under the auspices of highly regarded mediator Marc E. Isserles with JAMS. Prior to settlement, the Parties engaged in two mediation sessions as well as prepared multiple detailed mediation statements addressing the facts, posture, liability, and damages of the case.

The Proposed Settlement provides for substantial cash payments in the form of a $11.5 million Common Settlement Fund, an agreement by USFL to pay $25,000 in settlement administration costs, and, importantly, valuable future protections to Settlement Class Members including a moratorium on USFL imposing any future COI increases for five years as well as provides illustrations to Settlement Class Members without the typical costs and limits USFL's claimed right to contest death claims based on any alleged lack of insurable interest. The total value of the Proposed Settlement in the amount of $26,143,000 to $29,071,600, which is comprised of an $11,500,000 million Common Settlement Fund and the valuation by Plaintiff's experts of the other relief between $14,643,000 and $17,571,600.

On May 4, 2021, the Court entered its Preliminary Approval Order [Dkt. 64]: (a) preliminarily approving the Proposed Settlement, (b) preliminarily certifying the proposed Settlement Class, (c) directing distribution of the Class Notice, (d) preliminarily appointing Lead Class Counsel and the Class Representative, and (e) preliminarily enjoining parallel proceedings. The approved form of Class Notice was disseminated in form and content directed by the Preliminary Approval Order.

On October 11, 2021, Plaintiff moved for final approval of the Settlement and for Court approval of the proposed payment of attorneys' fees, litigation expenses, and incentive award to the class representative ("Fee Motion"). The Court held a Final Fairness Hearing on October 24, 2021, to determine whether the Proposed Settlement is fair, reasonable, and adequate, and to

consider any application for approval of a common fund payment of attorneys' fees and litigation expenses to Class Counsel and of service awards to Settlement Class Representatives. The Parties were afforded the opportunity at the Fairness Hearing to be heard in support of or in opposition to the Proposed Settlement.

The Court carefully considered: (a) the Final Approval Motion and the Fee Motion; (b) the extensive memoranda of points and authorities submitted in support of each; (c) the declarations and exhibits submitted in support of each; (d) the Settlement Agreement itself; (e) the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement; (f) the form and manner of Class Notice of the Proposed Settlement provided to the Settlement Class; (g) the filing of only five requests for exclusion from putative Class Members; (h) the absence of any objection from any of the nearly 12,000 Class Members; (i) the absence of any objection by any state attorneys general, nor insurance official from any state, after they were all provided with notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; (j) the oral presentations by the Parties during the Fairness Hearings; (k) this Court's experiences and observations while presiding over the Lawsuit and similar actions; (l) the Court's file herein; and (m) the relevant law.

Based upon the foregoing considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order [Dkt. 64], and good cause appearing, the Proposed Settlement is hereby approved as fair, reasonable, and adequate to the Plaintiffs. The Court therefore hereby **GRANTS** the Final Approval Motion and **ORDERS** as follows:

1. Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2. This Final Approval Order incorporates and makes a part hereof the Settlement Agreement and the Court's findings and conclusions contained in its Preliminary Approval Order.

3. The Court has personal jurisdiction over the Parties and the Settlement Class Members. The Court has subject matter jurisdiction over the Lawsuit under 18 U.S.C. § 1332, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Claims (as defined in the Settlement Agreement), to adjudicate the objections submitted to the proposed Settlement by Settlement Class Members and to dismiss the Lawsuit with prejudice. By failing to exclude themselves according to the Court's Preliminary Approval Order, all Settlement Class Members have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action. Venue in this District is appropriate under 28 U.S.C. § 1391.

4. For purposes of this settlement, the Court certifies the following opt-out plaintiff Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3):

> All persons who purchased, contributed to, participated in the purchase of, or own the Nova and Supernova policies at issue and who received coverage from those named insurance policies issued by USFL that experienced a cost of insurance rate increase beginning on their policy anniversary after August 31, 2015.

Excluded from the Settlement Class are: (a) the Honorable Matthew W. McFarland, United States District Court Judge of the Southern District of Ohio and court personnel employed in Judge McFarland's chambers or courtroom; (b) USFL and its parents, affiliates, subsidiaries, successors, predecessors, and any entity in which USFL has a controlling interest and their current or former officers and directors (except to the extent USFL or such other entity is the owner of a Policy held for the benefit of an individual who is not otherwise excluded from membership in the Settlement Class); (c) any officer or director of USFL reported in its Annual Statements during the Class Period, or entity in which USFL had a controlling interest at any relevant time, any member of

4

those persons' immediate families and legal affiliates, heirs, controlling persons, agents, successors and predecessors in interest or assigns of any such excluded person or entity; (d) Policyholders who properly execute and timely file a Request for Exclusion from the Settlement Class; and (e) the legal representatives, successors, or assigns of any such excluded Policyholders (but only then in their capacity as legal representative, successor, or assignee).

5. The Court finds that the Class Notice given in accordance with the Settlement Agreement was the best notice practicable under the circumstances, consisting of individual notices to Settlement Class Members through direct U.S. Mail and a website. The Court finds the Class Notice Package provides a sufficiently clear and concise description of the Lawsuit, the terms of the Proposed Settlement, and the rights and responsibilities of the Settlement Class Members. The Court further finds the dissemination of the Class Notice was reasonably calculated to apprise the Settlement Class Members of the Lawsuit and their right to participate in, object to, or exclude themselves from the Proposed Settlement. Settlement Class Members were given until September 15, 2021 to exclude themselves from or object to any aspect of the proposed Settlement. The Class Notice fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure and all due process rights under the U.S. Constitution.

6. In response to the Class Notice, zero objections were filed regarding the reasonableness of the Proposed Settlement. This overwhelmingly positive embrace of the Settlement by Class Members strongly supports approval.

7. All persons whose names were included on the list supplied by Class Counsel, attached as Exhibit D to the Declaration of the Settlement Administrator, as having made timely and valid Requests for Exclusion are hereby excluded from the Settlement Class, are not bound by this Final Approval Order and Judgment, and shall not receive any Settlement Relief. All other

Settlement Class Members to whom the Class Notice Package was mailed are subject to this Final Approval Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

8. With respect to the Settlement Class, the Court finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) have been met, including: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Lawsuit would be impracticable, as the Settlement Class includes over eleven-thousand members; (b) there exist questions of law and fact common to the Settlement Class, including whether USFL's uniform conduct in increasing the COI rates breached standardized policy language common to the Settlement Class Members, (c) the claims of the representative Plaintiff are typical of the claims of the Settlement Class, and the representative Plaintiff has no conflicts of interest with the other Settlement Class Members, as all of their claims arise from USFL same conduct in increasing the COI rates, (d) the representative Plaintiff and Plaintiff's Counsel are free of conflict with and can fairly and adequately represent and protect the interests of the Settlement Class Members, as shown by their qualifications, experience, investigation, and services performed to date; (e) common questions predominate over any individual questions with respect to Plaintiff's claims because the central question to be decided is whether USFL's uniform course of conduct in implementing the 2015 COI Rate Increase breached the standardized policy language contained in each Settlement Class Member's policy; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the Proposed Settlement, considering the interests of the Settlement Class Members in individually controlling the prosecution of separate actions and the amount in controversy each individual Settlement Class Member suffered as compared to the high costs of individual suits.

9. The Proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, is sufficient to warrant final approval when considering the factors set forth in Federal Rule of Civil Procedure 23(e) as well as the factors traditionally used by this Court and the Sixth Circuit to determine whether a proposed settlement is fair, reasonable, and adequate. *See, e.g.*, *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013). This Court finds that approval of the Proposed Settlement is supported by, among other things, the fact that the Settlement Agreement is the result of arm's-length negotiations by well-informed and experienced legal counsel for the Parties presided over by a neutral and experienced mediator, the absence of any indicia of fraud or collusion, the complex legal and factual history of the Lawsuit, the extensive discovery undertaken by the parties, the uncertainty of the ultimate outcome and the likely expense should the matter proceed to trial and appeal, the positive reach of absent class members to the Proposed Settlement, the public interest in the resolution of this matter, and the significant settlement benefits being made available to Settlement Class Members.

10. The Court finds Vivian Farris (as trustee for the Wirt Adams Yerger, Jr. Legacy Trust), who owns a Nova policy that was subjected to the 2015 COI Rate Increase, is able to fairly and adequately represent the Settlement Class and appoints her as the Class Representative for the Settlement Class.

11. The Court appoints W. Daniel "Dee" Miles, Rachel N. Minder, and Paul W. Evans of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Lead Class Counsel for the Settlement Class, finding that each of these attorneys is able to fairly and adequately represent the Settlement Class. Lead Class Counsel are highly experienced lawyers with specialized knowledge specifically in insurance litigation and complex class action litigation generally. Further, Jeffrey

S. Goldenberg and Todd B. Naylor of Goldenberg Schneider, L.P.A. are appointed to serve as additional Class Counsel.

12. The Court approves KCC, LLC as the Settlement Administrator and directs $34,887.25 (or such amount to be finally determined as the administrative costs in this matter) to be paid to KCC, LLC from the Common Settlement Fund for administration expenses, which are the estimated administration expenses remaining after the $25,000 USFL agreed to pay is applied.

13. The Parties are directed to carry out their continuing obligations under the Settlement Agreement.

14. The Settlement is approved and this Final Approval Order and the Judgment shall be forever binding on the Plaintiff and all other Settlement Class Members, as well as their heirs, beneficiaries, beneficiaries designated under the Policies, conservators, personal representatives, executors and administrators, predecessors, successors, and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons.

15. The Release set forth in Section VII of the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Approval Order, and forever discharges the Releasees from any claims or liabilities released by the Settlement Agreement.

16. All Settlement Class Members are hereby permanently enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining, individually, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participating in, directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding

or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts and transactions alleged or pursued in the Lawsuit or released by the Settlement Agreement, and from organizing Settlement Class Members into a separate class for purposes of pursing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this Settlement Agreement. Nothing in this Paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

17. In no event shall this Order, the Settlement, or the Settlement Agreement, whether or not consummated, any of its provisions or any negotiations, statements, or court proceeding relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Lawsuit, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an adjudication, admission, or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to USFL or Plaintiff, or as a waiver by USFL or Plaintiff of any applicable claims or defenses.

18. The Court approves as fair and reasonable payment of attorneys' fees to Class Counsel in the amount of $4,600,000 plus their costs and expenses of $371,572.77. These amounts shall be paid from the Common Settlement Fund in accordance with the terms of the Settlement Agreement. The Court is applying the percentage of the fund method for determining the reasonableness of the fee award. *See, e.g., Gascho v. Global Health Fitness Holdings, LLC*, 822

F.3d 269, 279 (6th Cir. 2016) (indicating that the district court must make a "clear statement" as to which calculation method is being applied); *Rikos v. Proctor & Gamble Co.*, No. 1:11-CV-226, 2018 WL 2009681, at *8 (S.D. Ohio Apr. 30, 2018) (The Southern District of Ohio's "preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier." (citation omitted)).

Class Counsel's requests a fee award of 40 percent of the Common Settlement Fund, which is within the range typically awarded by this Court. *See, e.g.*, *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) ("[a]ttorneys fees awards typically range from 20 to 50 percent of the common fund"). In assessing the reasonableness of the requested fee award, the Court considered the six factors used within the Sixth Circuit for determining fee awards. *See, e.g.*, *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Under the circumstances of this specific case, particularly where neither USFL nor absent class members have opposed the fee request and the Class has received a substantial benefit, the Court concludes that all of these factors weigh in favor of approving the requested fee award, including: (1) the Court has already described at length above the benefit conferred to the Class Members through Proposed Settlement; (2) although not required, a cross-check using Class Counsel's lodestar amount, as supported by the declaration of Lead Class Counsel summarizing the number of hours expended and the hourly rates, favors approval. Class Counsel's lodestar amounts to approximately $1,528,165, which results in a reasonable multiplier of 2.85 when compared to the fee request; (3) Class Counsel took on this case pursuant to a contingency fee agreement such that assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery; (4) society has a stake in rewarding attorneys who produce benefits for class members who would not have been able or willing to pursue their claim individually given the high costs of

litigation; (5) the Lawsuit involves legal and factual complexity that would make it time-consuming and expensive to litigate, and if fully litigated through trial and any appeals, it could take years to resolve; and (6) Class Counsel's professional skill is demonstrated by their extensive experience in class action litigation similar to this Lawsuit and their ability to negotiate a favorable settlement in the face of formidable legal opposition.

19. The Court also approves the incentive fee payment of $15,000 to Plaintiff Vivian Farris (as trustee for the Wirt Adams Yerger, Jr. Legacy Trust). This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. "[I]ncentive awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Notably, "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Wright v. Premier Courier, Inc.*, No. 2:16-CV-420, 2018 WL 3966253, at *7 (S.D. Ohio Aug. 17, 2018) (citation omitted). Here, the time and effort expended by Plaintiff throughout this Lawsuit, which were instrumental in achieving the Proposed Settlement, warrants an incentive payment.

20. For the benefit of the Settlement Class Members, this Court retains exclusive continuing jurisdiction over the administration, implementation, interpretation, and enforcement of the Settlement Agreement and this Order and Final Judgment.

21. Nothing in this Final Approval Order shall preclude any action to enforce the Settlement Agreement or interpret the terms of the Settlement Agreement. Any action which seeks to enforce or interpret the terms of the Settlement, or which seeks to interpret or avoid in any way any legal consequences of or the effect of the Settlement Agreement, the Preliminary Approval

Order, this Final Approval Order, the Permanent Injunction contained herein, or the Release contained in the Settlement Agreement shall be brought solely in this Court.

22. The Court hereby dismisses this Lawsuit on the merits with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members.

WHEREFORE the Final Approval Motion is GRANTED on the terms set forth in this Final Approval Order, and the Parties and their counsel are directed to implement and consummate the Settlement according to its terms and provisions as set forth in the Settlement Agreement.

**SO ORDERED** this the 25th day of Oct., 2021.

*[Signature]*

**Hon. Matthew W. McFarland**
**United States District Court Judge**