IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **VIVIAN FARRIS; trustee for WIRT ADAMS YERGER, JR. LEGACY TRUST;** *Individually and on behalf of all those similarly situated* </br></br>  Plaintiff, </br></br> v. </br></br> **U.S. FINANCIAL LIFE INSURANCE COMPANY,** </br></br>  Defendant. | Civil Action No. 1:17-cv-417 </br></br> Hon. Matthew W. McFarland |

## PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF DISPOSITION OF UNCLAIMED AND/OR UNPAYABLE SETTLEMENT CLASS FUNDS

Plaintiff's Lead Class Counsel move the Court, pursuant to the Court's Final Approval Order and Judgment (ECF No. 74), to approve a plan of disposition of unclaimed and/or unpayable settlement class funds and, as grounds therefore, state as follows:

1. This class action was settled, and the settlement terms and conditions were memorialized in the Settlement Agreement and Release (ECF No. 63-2), which included a $11,500,000 common settlement fund.  The Settlement Agreement was approved by this Court and adopted as part of this Court's Final Approval Order and Judgment. (ECF No. 74 at PageID 2485, ¶2).

2. Pursuant to paragraph 20 of the Final Approval Order and Judgment, this Court retained jurisdiction over the implementation of the Settlement Agreement.  *Id.* at PageID 2492.

3. Further, pursuant to paragraph 56(b) of the Settlement Agreement: "After

consulting with USFL's Counsel, Lead Class Counsel will petition the Court for approval of the proposed manner in which any unclaimed or unpayable distributions of the Common Settlement Fund will be further distributed or paid." (ECF No. 63-2 at PageID 2205).

4. As set forth in the Declaration of Janeth Antonio, Senior Project Manager with KCC Class Action Services, LLC ("KCC"), the payment of settlement funds consisted of mailing checks to 11,844 class members who did not request exclusion from the class. *See* Exhibit A. To date, there are a total of 2,076 checks that were either undeliverable or have not been. All the undeliverable and uncashed checks are now past their "stale date" and have been voided. In all, there remains a balance of $626,385.11.

5. Ms. Antonio's Declaration explains the efforts undertaken to locate addresses for the remaining returned checks and that all reasonable efforts have been exhausted to locate new addresses for those class members to no avail.

6. As courts and commentators have recognized, "In a majority of class actions at least some unclaimed damages or unlocated class members remain." *Six (6) Mexican Wkrs. v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306 (9th Cir. 1990); *see also* 2 NEWBERG ON CLASS ACTIONS §10.14 (2nd ed. 1985). Courts' have "broad discretionary powers" as to how to distribute unclaimed class funds. *Ariz. Citrus Growers*, 904 F.2d at 1307; *Van Gemert v. Boeing Co.*, 739 F.2d 730, 737 (2nd Cir. 1984).

7. Courts have recognized four (4) options for distributions of unclaimed class funds: "1) distribution among other class members, 2) reversion to defendants, 3) escheat to the government, or 4) *cy pres* distribution." *Rosser v. A & S Contracting, Inc.*, No. 2:15-CV-00711, 2017 WL 666121, at *1 (S.D. Ohio Feb. 17, 2017) (citing *Ariz. Citrus Growers*, 904 F.2d at 1307).

8. Here, in the opinion of Lead Class Counsel, a second distribution to class members

would be the most equitable and fair use of the $626,385.11 in unclaimed funds. As the Seventh Circuit noted, "[m]oney not claimed by class members should be used for the class's benefit to the extent that is feasible." *Ira Holtzman, CPA, & Assocs. v. Turza*, 728 F. 3d 682, 689-90 (7th Cir. 2013).

9. Reversion of the unclaimed funds to Defendants does not benefit the silent class members and there is no express reversionary provision in the Settlement Agreement such that it is not a viable option. *See Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2021 WL 9097962, at *2 (S.D. Ohio Nov. 30, 2021) (denying request to revert unclaimed funds where "the parties did not agree to any express reversionary provisions in the settlement agreement"). Nor is escheatment to the state is a viable option because doing so would require compliance with the statutes of fifty (50) states, and there has not been a sufficient passage of time to implicate escheatment statutes. While "*cy pres* is often preferred over escheat to the government," *Rosser v. A & S Contracting, Inc.*, No. 2:15-CV-00711, 2017 WL 666121, at *2 (S.D. Ohio Feb. 17, 2017), donation to a charity is not the best use of the unclaimed funds because a charitable donation would only indirectly benefit the class. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (explaining how cy pres is "used in lieu of direct distribution of damages to silent class members" to indirectly benefit the class). On the other hand, a second distribution in the form of checks directly benefits class members.

10. Also, a second distribution to class members is feasible. The Settlement Administrator can identify and direct payment in the form of checks to any policyholder who received a monetary distribution under the Settlement. Further, the Settlement Administrator can exclude from the redistribution any Class Member who received (but has not cashed) a check that is beyond the stale date, and those for whom the Settlement Administrator received returned mail

and for which new mailing information for such class members has not been found.

11. There are currently 9,768 class members who would be eligible for a second distribution. The administrative cost associated with new checks and remailing is estimated to be $50,187.14. *See* Exhibit A. As such, the cost of administration is small in comparison to the benefit of a second distribution of the $626,385.11 to class members.

12. Because of this Court's continuing jurisdiction and discretion, Lead Class Counsel requests that the Court direct a redistribution of unclaimed funds to class members on a pro rata basis with a minimum/threshold amount of $5.00 on any redistribution to a class member.

13. Nothing herein shall be deemed to impact the scope and extent of the Release and Waiver section set forth in the Settlement Agreement and Release approved by the Court, including its application to those Settlement Class Members who either never received or never negotiated the Settlement Relief to which they were entitled under the Settlement Agreement.

14. Lead counsel respectfully suggests that any order entered have an effective date of forty-five (45) days after issuance. The purpose of this request is to allow for the Court's order, if entered, to be posted to the settlement website, which remains active, in addition to the settlement call center telephone number.

15. If the Court needs additional information related to costs, amounts, *etc.* related to redistribution, Lead Class Counsel will undertake to provide that information, if available.

WHEREFORE, Lead Class Counsel moves the Court to direct and approve a plan of distribution for unclaimed and/or undeliverable funds and for such other and further relief as the Court instructs.

Respectfully submitted, this the 12th day of June, 2024:

/s/ *W. Daniel "Dee" Miles, III*
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
W. DANIEL "DEE" MILES, III (*pro hac vice*)
PAUL W. EVANS (*pro hac vice*)
272 Commerce Street
Post Office Box 4160 (36103)
Montgomery, Alabama 36104
Telephone: 334-269-2343
Facsimile: 334-954-7555
dee.miles@beasleyallen.com
paul.evans@beasleyallen.com

**GOLDENBERG SCHNEIDER, L.P.A.**
JEFFREY S. GOLDENBERG (0063771)
TODD B. NAYLOR (0068388)
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Tel: 513.345.8297
Fax: 513.345.8294
JGoldenberg@gs-legal.com
TNaylor@gs-legal.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12th, 2024, a true and correct copy of the foregoing was served via CM/ECF to all counsel of record:

Matthew A. Rich (0077995)
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, OH 45202
Telephone: (513) 721-4532
Facsimile: (513) 762-0075
mrich@katzteller.com

David T. McDowell*
Diane Wizig *
William B. Thomas *
MCDOWELL HETHERINGTON LLP
1001 Fannin, Suite 2700
Houston, Texas 77006
Telephone: (713) 337-5580
Telecopy: (713) 337-8850

*pro hac vice*

/s/ *W. Daniel "Dee" Miles, III*
W. DANIEL "DEE" MILES, III
Counsel for Plaintiff