IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| VIVIAN FARRIS; trustee for WIRT ADAMS YERGER, JR. LEGACY TRUST; Individually and on behalf of all those similarly situated, | : Case No. 1:17-cv-417 : : Judge Matthew W. McFarland : : |
| Plaintiff, | : : |
| v. | : : |
| U.S. FINANCIAL LIFE INSURANCE COMPANY, | : : : |
| Defendant. | : |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of Disposition of Unclaimed and/or Unpayable Settlement Class Funds (Doc. 76).

Plaintiff brought this class action on June 19, 2017. (*See* Compl., Doc. 1.) The parties eventually reached a settlement, which the Court approved on October 25, 2021. (*See* Final Approval Order, Doc. 74.) The Settlement Agreement laid out a "Common Settlement Fund" of $11,500,000 to be distributed to class members. (Settlement Agreement, Doc. 63-2, Pg. ID 2205.) For any unclaimed or unpayable distributions of the Common Settlement Fund, the Settlement Agreement required Plaintiff's counsel to consult with Defendant's counsel and "petition the Court for approval of the proposed manner in which [the] unclaimed or unpayable distributions of the Common Settlement Fund will be further distributed or paid." (*Id.*)

The Court appointed KCC Class Action Services, LLC ("KCC") as the Claims Administrator associated with the Settlement Agreement. (Final Approval Order, Doc. 74, Pg. ID 2489.) On May 5, 2022, KCC began distributing the settlement through checks to the class members who did not request exclusion from the class. (Antonio Dec., 76-1, Pg. ID 2508.) To date, 2,076 of those checks have been voided because they were either deemed undeliverable or never cashed out. (*Id.*) In total, the Settlement Class Funds now has a remaining balance of $626,385.11. (*Id.* at 2508-09.) After consulting with Defendant's counsel, Plaintiff moves for a second distribution of the remaining funds to the other class members. (Motion, Doc. 76, Pg. ID 2501-02.)

"Federal courts have broad discretionary powers in shaping equitable decrees for distributed unclaimed class action funds." *Rosser v. A & S Contr., Inc.*, No. 2:150-CV-711, 2017 U.S. Dist. LEXIS 23377, at *2 (S.D. Ohio Feb. 17, 2017) (citations omitted). "This discretionary power includes several options for distribution, including: 1) distribution among other class members, 2) reversion to defendants, 3) escheat to the government, or 4) cy pres distribution." *Id.* (citations omitted). "The court's choice among distribution options should be guided by the objectives of the underlying statute and the interests of the silent class members." *Id.*

On review, the Court finds a second distribution of the unclaimed funds to be appropriate. "Money not claimed by class members should be used for the class's benefit to the extent that it is feasible." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013) (citations omitted). Given the substantial amount of unclaimed funds, as well as the parties' consensus of the appropriate remedy, the redistribution of the class

2

funds among class members is in the best interest of the class. *Cf. Rosser*, 2017 U.S. Dist. LEXIS 23377, at *2-3 (The small amount of unclaimed funds, as well as the lack of agreement by the parties, demonstrated that redistribution was not feasible or practical.)

Thus, the Court **ORDERS** the following:

1. Plaintiff's Unopposed Motion for Approval of Disposition of Unclaimed and/or Unpayable Settlement Class Funds (Doc. 76) is **GRANTED**;

2. The Court **ORDERS** a redistribution on a pro rata basis of the unclaimed and/or unpayable Settlement Class funds ($626,385.11) to any policyholder who received a monetary distribution under the Settlement Agreement, excluding any Class Member who received, but has not cashed, a check (and the check is beyond the stale date), or where KCC received returned mail for certain class members and for which new mailing information for such class members has not been found;

3. The Settlement Administrator, KCC, is **DIRECTED** to distribute, or assist in distributing, the balance of the unclaimed and/or unpayable Settlement Class funds that exist forty-five (45) days from the date of this Order to the class members who received monetary relief under the Settlement Agreement and Final Approval Order and Judgment, by check, subject to the following:

    a. KCC is approved and authorized to deduct from the balance of the Common Settlement Fund up to $50,187.14 to cover the costs of the pro rata redistribution;

3

    b. The threshold amount for any pro rata redistribution by check shall be greater than Five Dollars ($5.00) such that no class member who would receive less than Five Dollars ($5.00) by check shall be entitled to a share of the pro rata redistribution;

    c. The Settlement Administrator, KCC, is **DIRECTED** to post this Order to the settlement website; and

    d. The Settlement Administrator, KCC, is **DIRECTED** to calculate the amount of the pro rata redistribution for each Class Member who is entitled to receive such redistribution within fifty-five (55) days from the date of this Order; and

4. Nothing herein shall be deemed to impact the scope and extent of the Release and Waiver section set forth in the Settlement Agreement and Release approved by the Court, including its application to those Settlement Class Members who either never received or never negotiated the Settlement Relief to which they were entitled under the Settlement Agreement.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_

JUDGE MATTHEW W. McFARLAND

4